UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**George Boerner,**
1455 Wayne Road,
West Bend, WI 53090
                Plaintiff,

-vs-                                                                           **Case No:** 17CV1786

**LVNV Funding LLC**
16 McLeland Rd,
St Cloud, MN 56393

And

**Messerli & Kramer, PA**
3033 Campus Dr. #250
Plymouth, MN 55441
                Defendants.

## COMPLAINT

**NOW COMES**, the Plaintiff by and through his attorneys, Briane F. Pagel and Lawton & Cates, S.C. and as and for a complaint in the above matter hereby pleads as follows:

1. Plaintiff George Boerner is a Wisconsin citizen residing at the address shown in the caption hereto.

2. Defendant LVNV Funding, LLC ("LVNV") is a debt buyer/debt collection company located at the address shown in the caption hereto.

3. Defendant Messerli & Kramer ("Messerli") is a law firm located at the address shown in the caption hereto.

4. Upon information and belief, the primary business of LVNV is to attempt to collect consumer debts which were either owed to another entity or which were in default when LVNV obtained the rights to collect them.

1

5. Upon information and belief, the primary business of Messerli is to attempt to collect consumer debts which were either owed to another entity or which were in default when Messerli obtained the rights to collect them.

6. Both LVNV and Messerli use the US mails in their primary business.

## Jurisdiction and Venue

7. Dane County is located in the Western District of Wisconsin.

8. Plaintiff brings this action under 28 U.S.C. § 1331, as it involves a federal question.

9. Plaintiff asserts supplemental jurisdiction under 28 U.S.C. §1367 for state-law questions arising from the same transaction.

## Factual Allegations

10. On or around October 20, 2017, Boerner was served a summons and complaint from LVNV alleging that he owed money arising from a consumer credit transaction.

11. Upon information and belief, this amount was a consumer debt from a credit card that Boerner was alleged to have opened and used.

12. Boerner did not recognize LVNV as a creditor of his.

13. Prior to receiving the summons and complaint Boerner had not received a notice of assignment of any debt which purported to assign to LVNV any debt Boerner was alleged to owe.

14. Boerner has never received any notice that any account of his was in default and has never been provided a right to cure any default on any credit account of his.

15. Attorney James Kachelski is one of Messerli's lawyers who appeared on behalf of LVNV in the case filed against Boerner.

16. Attorney Kachelski was admitted to practice in Wisconsin in 1993.

17. As of December 14, 2017, Attorney Kachelski is attorney of record in:

    a. 590 cases in Dane County, of which 116 are "open," meaning that no judgment has yet been entered in that case and it is being litigated, and
    b. 383 cases in Brown County, of which 45 are "open,", and
    c. 449 cases in Waukesha County, of which 71 are "open," and
    d. 329 cases in Racine County, of which 67 are "open,"
    e. 2,909 cases in Milwaukee County, of which 607 cases are "open."

18. Upon information and belief, Mr. Kachelski's case loads are similar throughout all of Wisconsin's counties.

19. Wisconsin circuit court records show that Mr. Kachelski has scheduled, beginning on December 15, 2017:
    a. 31 return dates and a hearing scheduled in three different counties on December 15, 2017, and
    b. 72 total events scheduled for Monday, December 18, 2017, including 2 court trials in one county and a motion hearing in a different county, and
    c. 15 total events on Tuesday, December 19, 2017, including a scheduling conference, and
    d. 84 total events scheduled for Wednesday, December 20, 2017, including two hearings in different counties, and
    e. 6 total events on Thursday, December 21, 2017, and
    f. 21 total events on Friday, December 22, 2017.

20. That is a total of 249 hearings in just six days. Many of those court dates are for a 'return date,' which means that an appearance may not be required by Attorney Kachelski, but

3

for each such "return date," Attorney Kachelski would be required to monitor the outcome of the return date; if an answer was filed or an appearance made, Attorney Kachelski would be required to note such a result because further court appearances would be required; if no answer was filed or appearance made, Attorney Kachelski would have to make a determination about whether service had been properly achieved and if so whether a default judgment motion should be made, so even in matters where no appearance is required Attorney Kachelski would be the attorney receiving notice of what transpired at that hearing and would have to review and act on 249 different court outcomes in just six days.

21. In addition to cases that are listed as "open," cases that are "closed" must be considered in Mr. Kachelski's case load, as well. A "closed" case on Wisconsin's court record system means only that the case has had a judgment of some sort entered. In collection actions, much of the actual work takes place *after* a judgment as entered, as in Wisconsin consumers are subject primarily if not solely to post-judgment, rather than pre-judgment, collection efforts. Garnishment, attachment, supplemental examinations and other collection remedies in Wisconsin are primarily, if not exclusively, post-judgment remedies.
22. Upon information and belief, the case load and client load for Mr. Kachelski and other attorneys at the Messerli firm is so high that no Messerli lawyer can meaningfully review and attend to the cases assigned to him or her.
23. Further upon information and belief, Mr. Kachelski did not actually meaningfully review any documents sent to Boerner on behalf of LVNV before sending or causing those documents to be sent.
24. Debtors who receive a letter, call, or court paper from Messerli reasonably assume that a lawyer reviewed the matter and that the lawyer has made a legal, trained, sophisticated judgment about the validity of the debt and the ability to legally pursue collection when, in fact, based on Messerli's practices it is likely that no lawyer has meaningfully

4

reviewed any matter before it is brought to suit, and Mr. Kachelski did not actually meaningfully review any documents or materials sent to Boerner before they were sent.

### First Cause of Action: Violation of 15 U.S.C. § 1692e

25. The plaintiff re-alleges and incorporates by reference all previous allegations.

26. Wisconsin law, in Wis. Stat. §§ 425.104-425.105, requires that in order to accelerate the maturity of a consumer credit transaction or to commence an action, a merchant must give notice to the customer of the customer's right to cure default.

27. Neither LVNV nor Messerli ever gave notice to Boerner of his right to cure the default under Wisconsin law.

28. The complaint filed by Messerli against Boerner falsely represented the character and legal status of the alleged debt and used false or deceptive means in violation of 15 U.S.C. § 1692e by representing that LVNV had the right to file suit against Boerner when, under Wisconsin law, LVNV did not have the right to file suit.

29. As a direct and proximate result of the foregoing, the plaintiff is entitled to an award of statutory damages and actual damages.

### Second Cause of Action: Violation of Wis. Stat. § 427.104

30. The plaintiff re-alleges and incorporates by reference all previous allegations.

31. Wisconsin law, at Wis. Stat. §§ 425.104-425.105 requires that, in order to accelerate the maturity of a consumer credit transaction or commence an action, a merchant must give notice to the customer of the customer's right to cure default.

32. With respect to the credit transaction which was the subject of the small claims complaint, no creditor or merchant ever gave notice to Boerner of his right to cure the default under Wisconsin law.

33. In filing the small claims complaint against Boerner, LVNV and Messerli claimed and attempted to enforce a right with knowledge that the right did not exist, in violation of Wis. Stat. § 427.104(j), by representing that LVNV and Messerli had the right to file suit against Boerner when, under Wisconsin law, they had no such right.

34. As a direct and proximate result of the foregoing, the plaintiff is entitled to an award of statutory damages and actual damages.

### Third Cause of Action: Violation of 15 U.S.C. § 1692e

35. The plaintiff re-alleges and incorporates by reference all previous allegations.

36. The FDCPA, at 15 U.S.C. § 1692e, requires that debt collectors refrain from falsely representing or implying that an attorney was meaningfully involved in the debt collection process when in fact an attorney was not meaningfully involved.

37. Messerli falsely represented or implied that an attorney was meaningfully involved in the debt collection process when it filed the complaint against Boerner and otherwise engaged in debt collection against him. In fact, there was no meaningful attorney involvement in the debt collection process, as evidenced by Messerli's extreme caseload and its lawyers' actions.

38. As a direct and proximate result of the foregoing, the plaintiff is entitled to an award of statutory damages and actual damages.

### Damages Allegations:

39. The plaintiff re-alleges and incorporates by reference all previous allegations.

40. Boerner as a result of the foregoing has suffered actual damages, including but not limited to emotional distress at being sued on a debt he did not believe could be the subject of a lawsuit at that time, and without notice that any such suit might be forthcoming. Boerner has suffered substantial distress including difficulty concentrating,

anxiety over the lawsuit, worries about whether he could find and afford a lawyer, and other substantial distress and harm. Boerner is entitled to actual damages including an award for emotional distress.

41. Upon information and belief, Messerli & Kramer have set up the collection system they use to systematically, and thus with an intentional disregard of Boerner's rights, deprive consumers of their rights under the Wisconsin Consumer Act, and thus an award of punitive damages is requested.

### Prayer for Relief

**WHEREFORE**, the plaintiff respectfully requests that the Court find that the defendants have violated the FDCPA and Wisconsin Consumer Act and award such relief as the Court finds necessary to redress the injuries to the plaintiff arising from the defendant's conduct, including but not limited to statutory damages, actual damages, punitive damages, and attorney's fees.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES IN THIS ACTION.**

Dated: **December 22, 2017**             **Lawton & Cates**
*Electronically signed by:*

                                            */s Briane Pagel*
                                Attorney Briane F. Pagel, Jr.

P.O Address:                            State Bar No. 1025514
345 W. Washington Ave. Suite 201
P.O. Box 2965
Madison, WI 53703
P: 608.282.6200
F: 608.282.6252
bpagel@lawtoncates.com